IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

LINDA MAE ROBERTS,
    PLAINTIFF

VS.                                  CASE NO. 2:14-CV-0038
                                           Sharp/Griffin
                                           Jury Demand

MICHAEL ROBERTSON,
    DEFENDANT

## CASE MANAGEMENT ORDER

      A.    <u>JURISDICTION</u>:   The court has jurisdiction over all civil claims which arise under the U.S. Constitution pursuant to 28 U.S.C. §1331 and it has jurisdiction to redress the deprivation, under color of any state law, of any right secured by the U.S. Constitution pursuant to 28 U.S.C. §1343(a)(3). Venue is properly situated in the U.S. District Court for the Middle District of Tennessee pursuant to 28 U.S.C. §1391(b) because the claims arise in this district.

      B.    <u>BRIEF THEORIES OF THE PARTIES</u>:

      (1)    <u>PLAINTIFF</u>:

On April 12, 2013 Tennessee State Trooper Michael Robertson conducted a traffic stop of a vehicle driven by Linda Roberts on Interstate 40 in Putnam County Tennessee. Ms. Roberts allowed Trooper Robertson to search her vehicle. The trooper found 90 hydrocodone pills in a prescription bottle with Ms. Roberts' name on it, and a cellular telephone belonging to Ms. Roberts.

1

Trooper Robertson immediately seized the hydrocodone pills and, without Ms. Roberts' consent, read text messages on the cellular telephone. He accused Ms. Roberts of selling drugs illegally, told her she was a "worthless mom," a "drug addict," and a "liar." He arrested her and transported her to the Putnam County jail where he charged her with a violation of Tenn. Code Ann. 39-17-417.

Trooper Robertson called the Tennessee Department of Children's Services and reported Ms. Roberts admitted that she sold her medication in the presence of her children, that she used drugs in the presence of her children, that she had a needle syringe in her possession, that her arms were covered with needle marks, and that she was impaired and uncooperative during the traffic stop. As a result of Trooper Robertson's statements, the Department of Children's Services removed Ms. Roberts children from her custody.

The trooper's actions constitute a violation of Ms. Roberts' Fourth Amendment right against unreasonable search and seizure, and the common-laws torts of outrageous conduct, malicious prosecution, false imprisonment and invasion of privacy.

(2) <u>DEFENDANT</u>:

On April 12, 2013, Trooper Robertson conducted a proper investigative stop on plaintiff's vehicle because she was speeding. When he pulled up to the car that plaintiff was driving, Trooper Robertson noticed there were four occupants and there was a considerable amount of activity going on inside the car. As Trooper Robertson came to the window to ask for license and registration, he noticed that all of the occupants were very nervous and shaky. Plaintiff gave permission to search the vehicle. Within five minutes of stopping the vehicle, Trooper Robertson found a small baggie of marijuana, a

snorting straw, a hypodermic needle, and other indications of drugs. Trooper Robertson also found 90 hydrocodone pills prescribed to plaintiff. Trooper Robertson looked at plaintiff's cell phone (which she originally denied was hers). The cell phone was located inside the car that plaintiff had allowed Trooper Robertson to search and was not password protected. The cellular phone contained messages that indicated that there had been some drug transactions.

Trooper Robertson asked for and obtained permission to search all of the occupants. When he was questioned, Mr. Roberts admitted that he had used the needle to shoot up morphine the night before while the children were in bed. Mr. Roberts also admitted selling the hydrocodone pills. Trooper Robertson placed Mr. and Mrs. Robertson under arrest for selling prescription medication.

Trooper Robertson did call the Department of Children's Services because the baby sitter could not watch the children any longer while Mr. and Mrs. Roberts were in jail. Trooper Robertson did not accuse Ms. Roberts of any of the things that plaintiff indicates in the Complaint. Trooper Robertson did not make a false report to the Department.

Trooper Robertson had reasonable suspicion and probable cause to take the actions that he did. Trooper Robertson did not violate plaintiff's rights.

C.   ISSUES RESOLVED: Jurisdiction and venue.

D.   ISSUES STILL IN DISPUTE:

1.   Whether Trooper Robertson violated Linda Roberts' Fourth Amendment right against unreasonable search and seizure;

2. Whether Trooper Robertson caused Linda Roberts to suffer a serious emotional injury;

3. Whether Trooper Robertson executed an affidavit of complaint against Ms. Roberts, without probable cause;

4. Whether Trooper Robertson's detention of Ms. Roberts constitutes false imprisonment;

5. Whether Trooper Robertson's search of Ms. Roberts' cellular telephone was an unreasonable invasion of her privacy; and

6. Whether Linda Roberts suffered damage as a result of Trooper Robertson's actions.

E. <u>INITIAL DISCLOSURES</u>: The parties shall exchange initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) on or before **Friday, July 18, 2014**.

F. <u>MEETING OF COUNSEL AND THE PARTIES TO DISCUSS SETTLEMENT PROSPECTS</u>: Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the court reflecting that the parties met and the parties made a good faith effort to evaluate the resolution of this case. This report should include whether the parties believe that one of the Alternative Dispute

Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

G. <u>DISCOVERY</u>: The parties shall complete all written discovery **Friday April 10, 2015,** and depose all fact witnesses on or before **Friday, May 22, 2015**. Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Sharp.

H. <u>MOTIONS TO AMEND</u>: The parties shall file all motions to amend on or before **Friday, May 29, 2015**.

I. <u>DISCLOSURE OF EXPERTS</u>: The Plaintiff shall identify and disclose all expert witnesses, if any, and expert reports on or before **Friday, June 12, 2015**. The Defendant shall identify and disclose all expert witnesses, if any, and expert reports on or before **Friday, June 26, 2015**.

J. <u>DEPOSITIONS OF EXPERT WITNESSES</u>: The parties shall depose all expert witnesses on or before **Friday, August 7, 2015**.

K. <u>DISPOSITIVE MOTIONS</u>: The parties shall file all dispositive motions on or before **Friday, September 11, 2015**. Responses to dispositive motions shall be filed within thirty (30) days after the filing of the motion. Optional replies may be filed within fourteen (14) days after the filing of the response. Briefs shall not exceed twenty-five (25) pages.

L. <u>ELECTRONIC DISCOVERY</u>: The parties do not believe electronic discovery will be necessary in this lawsuit.

M.  ESTIMATED TRIAL TIME: The parties expect the trial to last approximately **two** (2) days. The jury trial is set for February 16, 2016, at 9:00 a.m. with the with the final pretrial conference set for Monday, February 1, 2016, at 1:30 p.m. Both setin Cookeville, Tennessee.

It is so **ORDERED**.

        *(signed)* Kevin H. Sharp
        **KEVIN H. SHARP**
        **United States District Judge**