IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| LINDA MAE ROBERTS | ) | |
| | ) | |
| v. | ) | NO. 2:14-0038 |
| | ) | |
| MICHAEL ROBERSTON | ) | |

To: Honorable Kevin H. Sharp, Chief District Judge

# REPORT AND RECOMMENDATION

By Order entered October 13, 2015 (Docket Entry No. 24), the Court referred this action to the Magistrate Judge, pursuant to Rule 72(a) and (b) of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 636(b)(1)(A) and (B), for consideration of all pretrial matters and a report and recommendation on all dispositive motions

For the reasons set out below, the Court recommends that this action be dismissed with prejudice because of Plaintiff's failure to prosecute the action.

## I. BACKGROUND

This lawsuit was brought under 42 U.S.C. § 1983 against a Tennessee State Trooper for violations of Plaintiff's civil rights alleged to have been committed incident to a traffic stop and arrest of Plaintiff. When the lawsuit was originally filed on April 14, 2014, Plaintiff was represented by counsel. After an initial case management conference held on July 7, 2014, pretrial activity occurred pursuant to a case management order. *See* Docket Entry Nos. 10-15. On March 16, 2015,

counsel for Plaintiff filed a motion to withdraw asserting that Plaintiff had failed to communicate and cooperate with counsel, had no contact with counsel for two months, had a telephone number that was no longer in service, and had apparently moved to an unknown address. *See* Docket Entry No. 16. By Order entered March 26, 2015 (Docket Entry No. 17), the Court granted the motion and permitted counsel to withdraw. Plaintiff was allowed a thirty (30) day period within which to retain substitute counsel or to notify the Court that she intends to proceed *pro se*. The Court's Order was mailed to Plaintiff at two personal addresses for Plaintiff by both regular, first class mail and certified mail. All mail was returned as undeliverable, *see* Docket Entry Nos. 19-22, and Plaintiff did not respond to the Court's Order in any manner.

Defendant subsequently filed a motion for summary judgment (Docket Entry No. 21), which is currently pending before the Court. By Order entered September 15, 2015 (Docket Entry No. 26), the Court advised Plaintiff that she was considered to be proceeding *pro se* and gave Plaintiff a deadline of October 9, 2015, to respond to Defendant's motion. Plaintiff was specifically advised that failure to file a timely response to the motion for summary judgment could result in the dismissal of this action. The Court's Order was mailed to Plaintiff, by both regular, first class mail and certified mail, at the two personal addresses the Court had for Plaintiff and also at two different addresses that were noted in the certificate of service on Defendant's motion for summary judgment. Each of the certified mailings and two of the regular, first class mailings were returned as undeliverable. *See* Docket Entry Nos. 27-33. Plaintiff has not responded to the motion for summary judgment in any manner.

## II. ANALYSIS

Rule 16(f)(1) of the Federal Rules of Civil Procedure provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (C) fails to obey a scheduling or other pretrial order." Pursuant to Rule 37(b)(2)(A)(v), the Court may dismiss an action as a sanction. In addition, it is well-settled that federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash R.R.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980).

Dismissal of this action pursuant to Rule 16(f)(1) and Rule 41(b) is warranted because of Plaintiff's failure to comply with the specific directive from the Court to file a notice regarding the status of her representation, her failure to keep the Court informed of her current address, and her failure to actively litigate the lawsuit once her former counsel withdrew from the action. The Court has no working mailing address for Plaintiff, and she has not responded in any manner to Defendant's pending motion for summary judgment, indicating her lack of interest in the action. Dismissal with prejudice is appropriate in light of the impasse in further proceedings in the action caused by Plaintiff's failure to prosecute, her apparent disinterest in the action, and the fact that Defendant has a pending motion for summary judgment. Neither the Court nor Defendant should be required to expend any further resources in the action given Plaintiff's failure to prosecute, and a sanction lesser than dismissal is not warranted.

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that this action be DISMISSED with prejudice in its entirety pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[1]

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

---

[1] The 14 day period for filing objections to this Report and Recommendation will give Plaintiff yet another opportunity to indicate her interest in prosecuting this case.